Pro Se 7 2016

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MICHELLE LYNN BURNELL, *pro se*<br><br>Plaintiff,<br>v.<br><br>LEWIS BRISBOIS BISGAARD & SMITH LLP, (a foreign limited liability partnership); and HEATHER M. JENSEN, MANAGING ATTORNEY, (in her individual capacity); and ANNE MARIE HOOVLER, PARTNER, (in her individual capacity).<br><br>Defendant(s). | CASE NO. 2:22-cv-00265-JLR<br><br>COMPLAINT<br><br>**Jury Trial**: ☒ Yes ☐ No |

## I. PRELIMINARY STATEMENT

1. This is an action for an award of damages, declaratory and injunctive relief, Punitive damages and other relief on behalf of Plaintiff, Michelle L. Burnell ("Plaintiff"), an employee of ("Defendants"), LEWIS BRISBOIS BISGAARD & SMITH LLP, (a foreign limited liability partnership),; and HEATHER M. JENSEN, MANAGING ATTORNEY/GOVERNER, (in her individual capacity); and ANNE MARIE HOOVLER, PARTNER, (in her individual capacity)., who has been harmed by the Defendant's discriminatory employment practices.

COMPLAINT - 1

*Pro Se 7 2016*

2. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et. seq., as amended by the Civil Rights Act of 1991, at 42 U.S.C. §1981(a) ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq. ("ADA"), Deprivation of Rights Under the Color of Law 42 U.S.C. " 1983 ("1983").; and the Washington Law Against Discrimination (WLAD), RCW 49.60 et seq.,.

## II. BASIS FOR JURISDICTION

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:

No administrative exhaustion or other conditions precedent are required prior to the filing of claims under 42 U.S.C. §1983 (or 42 U.S.C. §1981).

☒ Relevant state law *(specify, if known)*:

All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all jurisdictional prerequisites to the maintenance of this action.

On December 3, 2021, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

☒ Relevant city or county law *(specify, if known)*:

Rules of Professional Conduct ("RPCs")

COMPLAINT - 2

Pro Se 7 2016

### III. PARTIES

3. Plaintiff, Michelle L. Burnell ("Plaintiff"), is a citizen of the United States and a resident of the State of Washington and at all times relevant herein was/is an employee of Lewis Brisbois Bisgaard & Smith LLP (hereinafter "LBBS"), Defendants.

4. Defendant, Lewis Brisbois Bisgaard & Smith LLP ("LBBS"), a foreign limited liability partnership existing under the laws of the State of California, maintaining a place of business at 1111 3rd Avenue, Suite 2700, Seattle, WA 98101.

5. Defendant, Heather M. Jensen, (hereinafter "Jensen") is a citizen of the United States and a resident of the State of Washington. She is sued in her individual capacity and was, at all times relevant herein, the Managing Attorney and Governor of Lewis Brisbois Bisgaard & Smith LLP, Seattle location.

6. Defendant, Anne Marie Hoovler, (hereinafter "Hoovler") is a citizen of the United States and a resident of the State of Washington. She is sued in her individual capacity and was, at all times relevant herein, a Partner of Lewis Brisbois Bisgaard & Smith LLP, Seattle location.

7. With respect to all facts and violations alleged in this complaint, Defendants acted under color of state law.

### IV. STATEMENT OF CLAIM

8. I am writing this under duress and severe anxiety. Plaintiff alleges that as a result of the Defendant's knowledge of Plaintiff having a known mental health disorder and because I engaged in my right to a safe work environment, a protected activity, Plaintiff was subjected to illegal verbal assaults, subjected to a pattern of discrimination and oppressive treatment, and knowingly subjected to unjustified and factually unsupported disciplinary actions served in rapid series rather than either not served or served concurrently. The rapid series of contrived disciplinary actions

COMPLAINT - 3

Pro Se 7 2016

were designed to improperly fabricate a basis for heightened disciplinary retaliation and thereby support a recommendation of further oppressive and other retaliatory actions and harassment against Plaintiff from Defendants. Plaintiff will file a First Amended Complaint with this Court regarding the Statement of Claims due to this Complaint filing deadline is causing me a severe panic.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☒ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

1. It is my best recollection that the alleged discriminatory acts occurred on date(s) <u>Consecutively from April 8, 2020 to Present.</u>

2. I believe that defendant(s) *(check one)*:
   - ☒ is/are still committing these acts against me.
   - ☐ is/are not still committing these acts against me.

3. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
   - ☒ disability or perceived disability *(specify disability)* Anxiety, ADHD,

4. The facts of my case are as follows. Attach additional pages if needed.

   <u>I spoke up about a direct threat at my office, the next day I was removed from the office and sent to work from home on an oppressive system that had been already returned by two attorneys due to the system not responding. After I could not take the mental discrimination I began to see my primary care provider and months later placed on</u>

COMPLAINT - 4

PFMLA. While on PFMLA, Defendants interrupted my health benefits, did not contact my list of witnesses during the alleged investigation of my internal complaint. On December 2, 2020, I was reprimanded about my behavior from Heather M. Jensen, Managing Attorney, also in the meeting was Defendant Hoovler. I ended up in the Swedish ER for a Panic Attack and have not been back to work since. I have been made to apply for Social Security Disability Benefits, subjected to partial inpatient trauma therapy and welfare check from the Seattle Police Department due to my work situation. I will be able to supplement all my exhibits and medical records, phone records and text messages to prove the facts of my case.

## V. Exhaustion of Federal Administrative Remedies

5. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on September 27, 2021.

6. The Equal Employment Opportunity Commission *(check one)*:

    ☐ has not issued a Notice of Right to Sue letter.
    ☒ issued a Notice of Right to Sue letter, which I received on *(date)*
    DECEMBER 3, 2021

7. Only litigants alleging age discrimination must answer this question.

    Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

    ☒ 60 days or more have elapsed. **Day 60 --3/3/2022**
    ☐ less than 60 days have elapsed.

COMPLAINT - 5

## V. RELIEF

A. Compensatory against all Defendants jointly and severally, and punitive damages against Defendants Jensen, and Hoovler, in their individual capacity. Plaintiffs expressly do not seek punitive damages against Defendant LBBS;

B. Defendants to pay Plaintiff for pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation to my career and relationship with my family and other nonpecuniary losses as allowable;

C. An amount deemed fit to punish and make an example of Defendants.

D. The Court award such other relief as is deemed just and proper.

## VI. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

///

DATED this 3rd day of FEBRUARY, 2022 at Lacey, WA.

/s/ Michelle L. Burnell
MICHELLE LYNN BURNELL, pro se
714 E. Pike St., Unit 515
Seattle, WA 98122
206-683-7349

EEOC Form 161 (11/2020)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Michelle L. Burnell**<br>714 E PIKE ST, #515<br>Seattle, WA 98122 | From: **Seattle Field Office**<br>909 First Avenue<br>Suite 400<br>Seattle, WA 98104-1061 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 551-2021-04197 | **Isabel Jeremiah,** Investigator | (206) 576-3004 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____ For     December 3, 2021
**Elizabeth Cannon,
Director**                              *(Date Issued)*

Enclosures(s)

cc:

**LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 3RD AVE, STE 2700
Seattle, WA 98101**

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.