UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE LYNN BURNELL,<br><br>              Plaintiff,<br>     v.<br><br>LEWIS BRISBOIS BISGAARD &<br>SMITH LLP, et al.,<br><br>              Defendants. | CASE NO. C22-0265JLR<br><br>ORDER |

Before the court is *pro se* Plaintiff Michelle Lynn Burnell's emergency motion to disqualify Defendants Lewis Brisbois Bisgaard & Smith LLP ("LBBS"), Heather M. Jensen, and Annemarie McDowell's (collectively, "Defendants") counsel Benjamin Stone and his firm, LBBS. (Mot. (Dkt. # 32).) Because Ms. Burnell noted her emergency motion as a same day motion, Defendants have not had an opportunity to file

//

//

ORDER - 1

1 a response (*see generally* Dkt.).[1]  The court has considered Ms. Burnell's motion, the

2 balance of the record, and the applicable law.  Being fully advised, the court DENIES

3 Ms. Burnell's motion.

4     Prior to commencing this action, Ms. Burnell worked as a legal assistant at LBBS.

5 (Jensen Decl. (Dkt. # 26) ¶ 4.)  She brings claims of employment discrimination and

6 retaliation against LBBS and two of the firm's partners.  (Compl. (Dkt. # 4) at 2-5.)  In

7 the instant motion, Ms. Burnell asks the court to disqualify LBBS and Mr. Stone from

8 representing Defendants because allowing LBBS and Mr. Stone to represent Defendants

9 in this case would be "conflict of interest."  (*See, e.g.*, Mot. at 2, 4.)  With respect to this

10 alleged conflict of interest, while Ms. Burnell does not allege that she is a current or

11 former client of LBBS, she does allege that she used to be a member of the Seattle LBBS

12 office "team"; she worked with Mr. Stone at LBBS; and she discussed what was

13 happening to her at LBBS with Mr. Stone's legal secretary.  (*See id.* at 2.)  Additionally,

14 she argues that disqualification is proper because, among other things, LBBS and Mr.

15 Stone "are not fit to handle this case"; her interactions with LBBS thus far in this case

16 have impaired her ability to represent herself due to the stress and panic that the

17 interactions cause; and her mental and physical health will continue to be damaged if Mr.

18 Stone and LBBS are allowed to continue as counsel for Defendants.  (*See, e.g.*, *id.* at

19 2-4.)

20 //

21

22     [1] Although the court could solicit a response from Defendants, the court finds it unnecessary to do so because any response by Defendants would not alter the court's conclusion.

ORDER - 2

1 "Disqualification of counsel is a drastic remedy that exacts a harsh penalty from
2 the parties as well as punishing counsel; therefore, it should be imposed only when
3 absolutely necessary." *Matter of Firestorm 1991*, 916 P.2d 411, 416 (Wash. 1996); *see
4 also Aecon Bldgs., Inc. v. Zurich N. Am.*, No. C07-0832MJP, 2008 WL 2940599, at *2
5 (W.D. Wash. July 24, 2008) ("Washington courts are reluctant to disqualify an attorney
6 absent compelling circumstances." (citing *Pub. Util. Dist. No. 1 of Klickitat Co. v. Int'l
7 Ins. Co.*, 881 P.2d 1020 (Wash. 1994))). "In determining whether an attorney's
8 representation of a particular client violates the attorney's ethical responsibilities, the
9 [c]ourt first refers to the local rules regulating the conduct of members of its bar." *United
10 States ex rel. Lord Elec. Co., Inc. v. Titan Pac. Constr. Corp.*, 637 F. Supp. 1556, 1560
11 (W.D. Wash. 1986); *In re Cnty. of L.A.*, 223 F.3d 990, 995 (9th Cir. 2000) (stating that
12 motions to disqualify counsel are decided under state law). Attorneys practicing in the
13 Western District of Washington must abide by the "Washington Rules of Professional
14 Conduct, as promulgated, amended, and interpreted by the Washington State Supreme
15 Court . . . and the decisions of any court applicable thereto." Local Rules W.D. Wash.
16 LCR 83.3(a). Accordingly, the Washington Rules of Professional Conduct ("RPCs") will
17 govern the disqualification analysis.

18 Here, there is nothing to suggest that Mr. Stone and LBBS are incapable of
19 representing Defendants in this action, or that their representation of Defendants violates
20 their ethical responsibilities. Ms. Burnell has not identified, and the court is not aware, of
21 any RPCs that are implicated by the alleged conflict of interest—namely, Ms. Burnell's
22 previous employment as a legal assistant at LBBS and her interactions with Mr. Stone

and his legal secretary during her employment. (*See* Mot. at 2-3; Jensen Decl. ¶ 4.) Additionally, the court is doubtful that Ms. Burnell, as a non-client, has standing to disqualify Mr. Stone and LBBS on the grounds of a conflict of interest. *See, e.g.*, *Colyer v. Smith,* 50 F. Supp. 2d 966, 972 (C.D. Cal. 1999) ("[The] majority view is that only a current or former client of an attorney has standing to complain of that attorney's representation of interests adverse to that current or former client.").[2] The court further finds that the other issues that Ms. Burnell complains of, including her health and interactions with LBBS in this case (*see* Mot. at 2-4), do not warrant the disqualification of Mr. Stone and LBBS.

Accordingly, the court DENIES Ms. Burnell's emergency motion to disqualify Defendants' counsel (Dkt. # 32).[3]

//

//

//

---

[2] The majority view makes an exception to the general rule "where the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims," because "[i]n such a case . . . the prudential barrier to litigating the rights and claims of third parties . . . would be overcome by the court's inherent obligation to manage the conduct of attorneys who appear before it and to ensure the fair administration of justice." *Colyer*, 50 F. Supp. 2d at 969-71; *FMC Techs., Inc. v. Edwards*, 420 F. Supp. 2d 1153, 1156 (W.D. Wash. 2006) (adopting the same general rule and exception). Here, the facts presented do not establish standing on the part of Ms. Burnell under this exception. (*See generally* Mot.)

[3] The court also notes that this motion was improperly noted on an expedited basis. Although Ms. Burnell is proceeding *pro se*, the court warns her that she must comply with the noting dates provided for in the Local Rules when filing motions, responses, and replies. *See, e.g.*, Local Rules W.D. Wash. LCR 7(d).

Dated this 22nd day of June, 2022.

JAMES L. ROBART
United States District Judge