UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE LYNN BURNELL, *pro se* | CASE NO. 2:22-cv-00265-JLR |
| Plaintiff, | |
| v. | AMENDED COMPLAINT |
| LEWIS BRISBOIS BISGAARD & SMITH LLP, (*a foreign limited liability partnership*); and HEATHER M. JENSEN, WSBA #29635 (*individual capacity; 42 U.S.C §1983*); and to ANNEMARIE MCDOWELL, WSBA#50470 (*individual capacity; 42 U.S.C §1983*). | *JURY DEMAND* |
| Defendant(s). | |

AMENDED COMPLAINT 1

### I.      NATURE OF ACTION

1.1     <u>Introduction</u>. This is a civil rights action brought by employment discrimination. This case arises from claims of verbal assault, violation of direct threat of communicable diseases, violation of right to safe workplace, bad faith, professional negligence, hostile work environment, retaliation, proximity bias, failure to provide accommodation in the reasonable accommodation interactive process, failure to provide a reasonable accommodation, oppression in the workplace, negligent hiring practices, intentional infliction of emotional harm, emotional distress, physical, cognitive, behavioral, and emotional injury, loss of privilege to Constitutional Rights, loss of privilege to Human Rights and violation of RCW 49.60. Plaintiff pursuant to *42 USC §1983* and the Fourth and Fourteenth Amendment. Fourteenth Amendments against the Defendants and their individual capacity under the color of law.

### II.      PARTIES

2.1     <u>Plaintiff, MICHELLE LYNN BURNELL</u>, and at all times relevant member of a ("protected class") and an employee of Defendants ("collectively"). Plaintiff is a resident of King County, Washington. I write this Amended Complaint under Equal Protect of the Law.

2.2     <u>Defendant, LEWIS BRISBOIS BISGAARD & SMITH, LLP,</u> is a foreign limited liability partnership within the State of Washington, and at all times relevant employer of the Parties. The above violations described herein were proximately caused by its negligence under the color of law.

2.3     <u>Defendant, HEATHER M. JENSEN</u>, at all times relevant, Heather M. Jensen was employed as Managing Partner and Governor of Defendants ("LBBS") Seattle, Washington law firm and was acting within the course and scope of her employment with Lewis Brisbois Bisgaard & Smith acting under color of law.

AMENDED COMPLAINT 2

2.4     Defendant, ANNEMARIE MCDOWELL, at all times relevant, Annemarie McDowell was employed as a Partner of Defendants ("LBBS") Seattle, Washington law firm and was acting within the course and scope of her employment with Lewis Brisbois Bisgaard & Smith acting under color of law.

Plaintiff reserves the right to identify additional defendants at a later date.

### III.    JURISDICTION AND VENUE

3.1     Jurisdiction.  Jurisdiction in this Court is based on the existence in that Plaintiff assert claims for discrimination under Title VII Civil Rights Act and deprivation of civil rights under 42 USC §1983 for violation of the Fourth Amendments to the United States Constitution.

3.2     Venue.  Venue for this action is appropriate in this Court because the actions giving rise to the claims asserted herein occurred in the Seattle Division of this District of Washington and because the plaintiffs and defendants reside in and provide legal services in this district.

### IV.    FACTS

4.1     On December 2, 2020, at approximately 9:15 AM, I received an email from Defendant ("JENSEN") requesting a meeting with her and Defendant ("McDowell"). This was my first day allowed back to working in the office upon returning from Paid Family Medical Protected Leave ("PFMLA"). Plaintiff is a member of a "protected class."

4.2     Plaintiff suffered a mental health crisis while in the meeting as a result of the intentional acts of discriminatory, retaliatory and reprimandable actions in the meeting with ("JENSEN") and ("McDowell"). I have not worked since that day.

4.3     Prior to the meeting, I was on a 90-day Paid Family Medical Leave ("PFMLA") for work-related issues, and uncontrollable thyroid issues. This was my first day back from medical

AMENDED COMPLAINT 3

leave "allowed back to working in the office" upon returning from ("PFMLA"). Plaintiff is a member of a "protected class."

4.4     Defendants Jensen and McDowell at all times in their individual and professional capacity were aware of the work-related issues, anxiety and thyroid issues I was having prior to the meeting. Defendants were acting in concert while under the color of law within this meeting.

4.5     Based upon information and knowledge, Defendants Jensen and McDowell chose to confront me in a further attempt to psychologically harm me, reprimand me for my behavior and make sure nothing was talked about as to what had and was continuing to happen to me within the confides of a prestigious law firm. This meeting was successful for the Defendants, at the expense of my mental health.

4.6     Defendants ("JENSEN") and ("McDowell") decided it was best to deal with me within the walls of Defendant Jensen's office -- the managing attorney's office.

4.7     On December 2, 2020, approximately 15 minutes of me "being allowed to be physically present" in the office for the first time since April 9, 2020. Defendants acting in bad faith, called this meeting in a final attempt to make quiet all of the issues happening around my working conditions and my voiceful objections to the injustices I suffered thereafter.

4.8     Defendants at all times knowing the laws, and with all due respect to the Plintiff having already provided Defendants full disclosure of the loss of my mother to a traumatic event. Defendants, my employer, attorneys at law to be specific, owed me the duty to uphold the Constitution and the duty to cause me no harm

4.9     On April 8, 2020, Defendants knowingly allowed Grace Kozinsky an employee of Defendants to be present in the office with an "uncontrollable cough to the point of vomiting," This is undoubtedly common knowledge a sign of *some* type of respiratory issue. This failure to act lead to Plaintiff being screamed at by both the firm administrator, Stacy Bowers and coworker

AMENDED COMPLAINT 4

Grace Kozinsky that ended with me having to state that we are under a governor's mandate to stay home sick, that this is a "law firm" and that I have the right to a safe work-place. It was not until I without hesitation told Stay Bowers that -- I am calling Greg Worden, Administrative Partner, my direct report to Partner, right now and tell him that I am having to choose my safety and cannot make our 5pm court of appeals filing deadline that I was assisting him on because of what just happened. It was then that Stacy Bowers told Grace that she needed to go home. I did not end up making a call to Greg Worden as Stacy corrected the situation. I thought.  I left in severe confusion, duress and uncontrollably crying that day.

  4.10 On April 9, 2020, Stacy Bowers reprimanded me for my actions the day by removing me from the skeleton crew that was working in the office and that effective immediately I needed to go work remotely.  Stacy told me she "knew there would be a problem with me being on the skeleton crew."

  4.11 While in the meeting with Stacy Bowers I received a phone call from Greg Worden calling about a filing status since we had a 12pm deadline. I answered that call on my cell phone and immediately excused myself from Stacey's office and while sobbing attempted to explain what happened with Grace the day before and what Stacy was telling me at the time of his call to me. I was in a panic and ultimately Greg Worden told me Stacy hadn't talked to him about anything that had happened yet. I ended that call with Greg and I deciding that I will take my laptop home and hurry to make our filing deadline. It was while I was packing my laptop and rules books up that I heard someone coughing from the dark reception area. It was Gracy Kozinsky logged into the reception computer working in the dark. Mr. Worden should have taken professional legal responsibility to take it upon himself to immediately remind Stacy of the laws and cease all inappropriate actions towards me.

AMENDED COMPLAINT 5

4.12    On April 9, 2020, and at all times relevant Defendants harmed my ability to produce work and caused for proximity bias by sending me home with a laptop that was not configured to their system causing me to not be up and running with the tools to be successful cause me to have to other legal support staff to take complete my work product.

4.13    Defendants at all times relevant failed to provide accommodation in the reasonable accommodation interactive process.

4.14    Defendants negligence in providing me a reasonable accommodation, working equipment to do handle my case load of approximately 150 cases ended up with my coworkers taking jabs at my work, causing me to point out the facts to why my work product and myself personally were suffering to coworkers that did not have the necessary 10 years of legal experience required for employment at LBBS lead to harm of Plaintiff and is negligent in hiring practices on the Defendants.

4.15    Defendants failure to act at all time relevant allowed for these types of remarks by coworkers caused for multiple calls, and zoom meets only to be reprimand from Heather Jensen, Greg Worden and Stacy Bowers on multiple occasions ultimately leading to multiple mental health issues.

4.16    As a result of the actions of the Defendants in this matter, Michelle Lynn Burnell was denied her right to life, liberty and justice for all.

Plaintiff reserves the right to identify additional causes of action at a later date.

Additionally, Plaintiff reserves the right to file for Leave to Re-petition the Court for an Appointment of Counsel upon filing of this Amended Complaint. Plaintiff makes this reservation upon mercy of the Court in which based on the nature and complexity of the case, relationship between the Parties, status of my mental health, and based on the Pleadings filed to date makes it clear to me that I need the assistance of an attorney to make it through this case.

AMENDED COMPLAINT 6

## V. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Compensatory damages and punitive damages in an amount to be proven at trial. Plaintiffs seek punitive damages against all defendants;

2. For reasonable attorneys' fees and costs; and

3. For such other and further relief as the Court deems just and equitable.

DATED this 30 DAY of JUNE, 2022 at Lacey, WA.

<u>/s Michelle Lynn Burnell</u>
Michelle Lynn Burnell, *pro se* Plaintiff
714 E. Pike St., Unit 515
Seattle, WA 98122
206-683-7349

AMENDED COMPLAINT 7