UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE LYNN BURNELL,<br><br>     Plaintiff,<br><br> v.<br><br>LEWIS BRISBOIS BISGAARD &<br>SMITH LLP, et al.,<br><br>     Defendants. | CASE NO. C22-0265JLR<br><br>ORDER |

   Before the court is Defendants Lewis Brisbois Bisgaard & Smith LLP, Heather M. Jensen, and Annemarie McDowell's (collectively, "Defendants") motion for an extension of the deadlines set forth in the court's June 15, 2022 order regarding initial disclosures and joint status report. (Mot. (Dkt. # 34); 6/15/22 Order (Dkt. # 24); Reply (Dkt. # 36).) Under the court's June 15, 2022 scheduling order, the parties are to: confer pursuant to Federal Rule of Civil Procedure 26(f) by June 22, 2022; make initial disclosures by July 6, 2022; and file a joint status report by July 13, 2022. (*See generally* 6/15/22 Order.)

ORDER - 1

Defendants ask the court to extend the deadlines for initial disclosures and joint status report "until sometime after the [c]ourt hears Defendants' motion to dismiss" for insufficient service of process and "decides whether the action should be dismissed." (Mot. at 3; *see also* MTD (Dkt. # 25).)  *Pro se* Plaintiff Michelle Lynn Burnell has not responded to Defendants' motion. (*See generally* Dkt.)  The court may consider Ms. Burnell's failure to respond as an admission on her part that Defendants' motion has merit.  *See* Local Rules W.D. Wash. LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

Federal Rule of Civil Procedure 6(b)(1)(A) authorizes the court to extend "for good cause" the time to perform an act if the request for an extension is made before the original time to perform the act expires.  Fed. R. Civ. P. 6(b)(1)(A); *see also Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (stating that the court has the inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").  Here, the "good cause" standard applies because Defendants timely filed their motion for an extension of time prior to the initial disclosure and joint status report deadlines set forth in the court's June 15, 2022 order. (*See generally* Mot.)  The court finds that Defendants have demonstrated good cause for an extension of the initial disclosures and joint status report deadlines in the court's June 15, 2022 order.

Therefore, the court GRANTS Defendants' motion for an extension of the deadlines set forth in the court's June 15, 2022 order regarding initial disclosures and

joint status report (Dkt. # 34). In addition, the court VACATES the deadlines set forth in the court's June 15, 2022 order regarding initial disclosures and joint status report (Dkt. # 24). The court will issue an amended order regarding initial disclosures and joint status report, if necessary, following its consideration of Defendants' motion to dismiss.

Dated this 1st day of July, 2022.

*/s/ James L. Robart*

JAMES L. ROBART
United States District Judge