UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE LYNN BURNELL,<br><br>                Plaintiff,<br>     v.<br><br>LEWIS BRISBOIS BISGAARD & SMITH LLP, et al.,<br><br>                Defendants. | CASE NO. C22-0265JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is Defendants Lewis Brisbois Bisgaard & Smith LLP ("LBBS"), Heather M. Jensen, and Annemarie McDowell's (collectively, "Defendants") motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(5).  (MTD (Dkt. # 25); Reply (Dkt. # 39).)  Plaintiff Michelle Lynn Burnell, who is proceeding *pro se* and

//

//

ORDER - 1

*in forma pauperis* ("IFP"), opposes the motion. (Resp. (Dkt. # 38).[1]) The court has considered the parties' submissions, the balance of the record, and the applicable law. Being fully advised,[2] the court DENIES Defendants' motion. Further, the court has reviewed Ms. Burnell's first amended complaint ("FAC") (FAC (Dkt. # 35)) under 28 U.S.C. § 1915(e)(2)(B) and has determined that the allegations therein fail to state a claim upon which relief can be granted with respect to Ms. Burnell's 42 U.S.C. § 1983 claims. Accordingly, the court DISMISSES Ms. Burnell's Section 1983 claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.   BACKGROUND

This lawsuit stems from events that occurred during Ms. Burnell's employment as a legal assistant at LBBS. (*See* Jensen Decl. (Dkt. # 26) ¶ 4; FAC at 2-6; Compl. (Dkt. # 4) at 2-5.) On March 3, 2022, Ms. Burnell initiated this action against LBBS and two of the firm's partners by filing a motion for leave to proceed IFP and a proposed complaint. (*See generally* IFP Mot. (Dkt. # 1); Compl.) Magistrate Judge Vaughan granted Ms. Burnell's motion on March 7, 2022 (IFP Order (Dkt. # 3)), and the Clerk

//

//

---

[1] Although Ms. Burnell filed her response a day after the filing deadline, the court finds it prudent to consider her response. (*See generally* Resp.; MTD); Local Rules W.D. Wash. 7(d)(3), (5). The court, however, warns Ms. Burnell that she must comply with the responsive deadlines set forth in Local Rule 7(d), *see id.* 7(d), and that future unexplained and unexcused late filings will not necessarily be considered.

[2] The parties do not request oral argument (*see* Mot. at 1; Resp. at 1), and the court concludes that oral argument is not necessary to dispose of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

docketed her complaint that day (*see generally* Dkt.; Compl.).[3] Ms. Burnell alleges that Defendants created a hostile work environment, failed to provide her reasonable accommodations, and discriminated and retaliated against her in violation of: (1) 42 U.S.C. § 1983; (2) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; and (3) the Washington Law Against Discrimination ("WLAD"), RCW 49.60 et seq. (*See, e.g.*, FAC ¶¶ 1.1, 3.1.)

Although counsel for Defendants appeared on March 10, 2022 (*see* NOA (Dkt. # 5), Defendants did not respond to Ms. Burnell's complaint (*see generally* Dkt.). Instead, Defendants waited until June 16, 2022 to file the instant motion to dismiss for insufficient service of process.[4] (*See generally* MTD.)

### III.     ANALYSIS

The court begins by discussing Defendants' Federal Rule of Civil Procedure 12(b)(5) motion to dismiss before turning to its review of Ms. Burnell's FAC pursuant to 28 U.S.C. § 1915(e)(2)(B).

**A.     Defendants' Rule 12(b)(5) Motion to Dismiss**

Defendants ask the court to dismiss the instant action pursuant to Rule 12(b)(5) because Ms. Burnell failed to properly serve Defendants with a copy of the summons and

---

[3] The court granted Ms. Burnell leave to file an amended complaint on June 3, 2022, (6/3/22 Order (Dkt. # 19); Mot. for Leave to Amend (Dkt. # 18)), and Ms. Burnell filed her FAC on July 1, 2022 (*see* FAC).

[4] Shortly after filing their motion to dismiss, Defendants moved for an extension of time for the parties to complete their Federal Rule of Civil Procedure 26(a)(1) initial disclosures and to file their combined joint status report until after the court had ruled on their motion to dismiss. (Mot. for Extension (Dkt. # 34).) On July 1, 2022, the court granted Defendants' motion. (7/1/22 Order (Dkt. # 37).)

complaint within 90 days of filing her complaint. (*See* Mot. at 1.) It is axiomatic that a federal court cannot exercise jurisdiction over a defendant unless the defendant has been properly served under Federal Rule of Civil Procedure 4. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *see also SEC v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) ("[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived lack of process."); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4."). Rule 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). "Once service is challenged, [a] plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

  Federal Rule of Civil Procedure 4 requires the plaintiff to serve a copy of the summons and complaint upon each defendant within 90 days of filing the complaint unless otherwise ordered. Fed. R. Civ. P. 4(c), (m). Individual defendants, like Ms. Jensen and Ms. McDowell, may be served by: (1) personally delivering a copy of the summons and complaint to the defendant; (2) leaving a copy of the summons and complaint with a person of suitable age at the individual's residence; or (3) delivering a copy of the summons and complaint to an agent "authorized by appointment or law to

//

//

receive service of process." *Id.* 4(e)(2).[5]  A partnership defendant, like LBBS, may be served in the same manner as an individual defendant or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." *Id.* 4(h)(1).

In this case, Ms. Burnell's 90-day service clock began to run on March 7, 2022 (*see generally* Compl.),[6] meaning that the deadline for service on Defendants was June 5, 2022. The record is devoid of any evidence that Ms. Burnell timely served LBBS, Ms. Jensen, or Ms. McDowell with a copy of the summons and complaint. (*See* Jensen Decl. ¶¶ 5, 6 (stating that LBBS and Ms. Jensen have not been served); MTD at 1-2 (alleging, "[u]pon information and belief, [that Ms. Burnell] also failed to serve her complaint on AnneMarie McDowell"); Dkt. (missing certificates or affidavits of service).) Indeed, in response to Defendants' motion Ms. Burnell does not allege that she served Defendants,

---

[5] Rule 4 also provides that an individual defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In Washington, individual defendants like Ms. Jensen and Ms. McDowell may be served with a copy of the summons and complaint "personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080.

[6] Under Federal Rule of Civil Procedure 4(m), a defendant must be served within 90 days after the complaint is filed. The court "considers the Rule 4(m) clock tolled while it screened" Ms. Burnell's IFP motion. *See Segal v. Segel*, No. 20-CV-01382-BAS-JLB, 2021 WL 75685, at *1 (S.D. Cal. Jan. 8, 2021) (citing *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]—day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process")).

nor does she allege that she made any attempts to serve Defendants. (*See generally* Resp. at 3-5.) Accordingly, the court concludes that Ms. Burnell failed to timely serve Defendants in accordance with Rule 4.

Although Rule 4(m) requires service within 90 days after the complaint is filed, it specifically "contemplates the possibility of an extension of time." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006); *see also* Fed. R. Civ. P. 4(m) (stating that if a defendant "is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or *order that service be made within a specified time*" (emphasis added)). In deciding whether to dismiss a case or extend the time period for service under Rule 4(m), a court must grant an extension of time when the plaintiff shows good cause for the delay. *Efaw v. Williams*, 473 F.3d 1038, 1040-41 (9th Cir. 2007). Even in the absence of good cause, however, the court has broad discretion to extend the time for service. *Id.* (stating that this discretion is not limitless). In exercising this discretion, the court may consider factors such as the length of delay in proper service, the statute of limitations, prejudice to the defendant, actual notice of the lawsuit, and eventual service. *Id.* (citing *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

Defendants argue that the court should dismiss this case, rather than extend the time to effect service, because "no good cause exists for Plaintiff's failure to serve the complaint as required under the Federal Rules of Civil Procedure." (MTD at 3; *see* Reply at 2-3.) They contend that Ms. Burnell is "undoubtedly aware of the requirement that a

defendant be properly served with process in order for an action to proceed," citing Ms. Burnell's work "for LBBS as a legal assistant of a litigation firm, where she obtained experience with service of papers in court proceedings." (MTD at 3; *see also* Jensen Decl. ¶ 4; Reply at 2-3.) Although Defendants "are aware of the lawsuit, due to the existence of e-filing," they claim that they "are entitled to rely on the fact that [Ms. Burnell] will personally serve them[] and are prejudiced by [Ms. Burnell's] failure to do so." (MTD at 3.) Finally, Defendants argue that Ms. Burnell "will not be severely prejudiced if the complaint were dismissed." (*Id.*)

In response, Ms. Burnell asks the court to deny Defendants' motion and allow her additional time to properly effect service. (Resp. at 5.) She alleges that she will be severely prejudiced if the case is dismissed, and that Defendants are aware of the case because they appeared. (*See id.* at 3-5 (alleging that Defendants' counsel appeared "so [they] could see what [she] filed").) Ms. Burnell also implies that her failure to timely serve Defendants was due to her ongoing mental health crises. (*See, e.g.*, *id.* at 2 ("I have been living in a constant sense of fight or flight since the day this work issue started. I have lost all confidence in myself with my abilities to perform the legal capabilities I once had."). *Compare id.*, *with* Reply at 2-3 (arguing that Ms. Burnell's "contention that these disorders have rendered her incapable of litigating the case is not credible" because, "in other ways, [Ms. Burnell] has been actively and regularly litigating this case").)

The court finds that there is reason to utilize its discretion and extend Ms. Burnell's time for service. An extension of time to effect service is warranted because Defendants had actual notice of the lawsuit, they have not demonstrated any prejudice,

ORDER - 7

1 | the delay has been short, and the statute of limitations would bar Ms. Burnell from
2 | refiling certain claims.  First, Defendants appeared in this lawsuit three days after the
3 | complaint was docketed and thus have had actual notice of the case since its inception.
4 | (*See generally* NOA; Dkt.)  Second, while Defendants claim that they "are prejudiced by
5 | [Ms. Burnell's] failure to" timely serve them (MTD at 3), they fail to specify how exactly
6 | they have been prejudiced or will be prejudiced if the court grants an extension.  *Lemoge*
7 | *v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) ("Prejudice requires greater harm
8 | than simply that relief would delay resolution of the case."); *see Efaw*, 473 F.3d at 1041
9 | (finding that the delay prejudiced the defendant where the defendant demonstrated that
10 | the delay impacted witnesses' availability and memory).
11 |       Third, only four months have elapsed since Ms. Burnell filed her complaint, unlike
12 | the seven-year delay in *Efaw v. Williams*, and any additional delay from the extension of
13 | Ms. Burnell's time for service will be similarly minimal.  *See Efaw*, 473 F.3d at 1040-41;
14 | *see, e.g.*, *Smith v. Hambro*, No. CV 19-117-BLG-SPW, 2020 WL 3403262, at *1, 4 (D.
15 | Mont. June 19, 2020) (describing the delay as "short" where the plaintiff served the
16 | defendant approximately four months after filing his complaint).  Moreover, an extension
17 | of the time for service will have little impact on this lawsuit, as this case is far from
18 | completion and no scheduling orders for discovery or motions practice have been
19 | entered.  Finally, Ms. Burnell will be severely prejudiced if the court were to dismiss this
20 | case because the 90-day statute of limitations for filing Title VII claims—running from
21 | the date of receipt of the right-to-sue letter from the EEOC—has elapsed.  *See* 42 U.S.C.
22 | § 2000e-5(f)(1); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92-93 (1990); (*see also*

ORDER - 8

1  Compl. at 8 (containing a copy of Ms. Burnell's right-to-sue letter from the EEOC dated
2  December 3, 2021)).  Thus, Ms. Burnell would be barred from refiling her Title VII
3  claims.  *See Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992).
4       Under these circumstances, the court DENIES Defendants' motion to dismiss and
5  exercises its discretion under Rule 4(m) to extend Ms. Burnell's time to effect proper
6  service on Defendants.
7  **B.    28 U.S.C. § 1915(e)(2)(B) Review**
8       Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed
9  IFP "at any time" if it determines that the action:  "(i) is frivolous or malicious; (ii) fails
10 to state a claim on which relief may be granted; or (iii) seeks monetary relief against a
11 defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2)(B); *see also*
12 *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to
13 all IFP proceedings, not only those filed by prisoners).  Because Ms. Burnell is a *pro se*
14 plaintiff, the court must construe her pleadings liberally.  *See McGuckin v. Smith*, 974
15 F.2d 1050, 1055 (9th Cir. 1992).  Nonetheless, her complaint must still contain factual
16 allegations "enough to raise a right to relief above the speculative level."  *Bell Atl. Corp.*
17 *v. Twombly*, 550 U.S. 544, 555 (2007).  The court need not accept as true a legal
18 conclusion presented as a factual allegation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
19 Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not
20 require "detailed factual allegations," it demands more than "an unadorned, the-
21 defendant-unlawfully-harmed-me accusation."  *Id.* (citing *Twombly*, 550 U.S. at 555)
22 (requiring the plaintiff to "plead[] factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a).

Ms. Burnell's Section 1983 claims against Defendants fall within the category of claims that the court must dismiss under § 1915(e)(2)(B)(ii). Section 1983 creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution. *See* 42 U.S.C. § 1983. Thus, liability under Section 1983 only arises if the defendant is acting under color of state law. *See* 42 U.S.C. § 1983. It is generally presumed that private individuals and entities do not act "under color of state law" within the meaning of Section 1983. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (citing *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)). Nevertheless, private parties may be held liable under Section 1983 if a plaintiff shows that their "conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (stating that a Section 1983 plaintiff has the burden to plead and prove state action by a private defendant).

Here, Defendants are private individuals and entities (*see generally* FAC ¶¶ 2.2-2.4) and thus are presumed not to act "under color of state law" within the meaning of Section 1983. Ms. Burnell's FAC is devoid of allegations that, if taken as true, show that Defendants' conduct was "fairly attributable to the State." *Lugar*, 457 U.S. at 937; (*see also* FAC at 2-6 (alleging that Defendants, a private law firm and two of its partners, mistreated Ms. Burnell during her employment with the law firm in a manner

that violated her constitutional rights)).  Because Ms. Burnell fails to state a claim for relief against Defendants under Section 1983, the court DISMISSES her Section 1983 claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

When dismissing a complaint for failure to adequately state a claim, leave to amend should be granted "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203 (9th Cir. 1988)); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile."). Based on the allegations in the FAC, the court is unable to conceive of any situation in which Defendants could be said to have been acting under the color of state law when they allegedly deprived Ms. Burnell of her constitutional rights.  Therefore, the court concludes that any amendments to Ms. Burnell's Section 1983 claims would be futile and dismisses those claims without leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, the court:

1. DENIES Defendants' motion (Dkt. # 25) without prejudice.  The court extends Ms. Burnell's time to accomplish proper service of process upon Defendants, as described above, until July 18, 2022.  The court cautions Ms. Burnell that failure to timely and properly serve Defendants will result in the dismissal of this action; and

2. DISMISSES Ms. Burnell's Section 1983 claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

1 | Dated this 11th day of July, 2022.

_____
JAMES L. ROBART
United States District Judge

ORDER - 12