UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE LYNN BURNELL, *pro se*<br><br>            Plaintiff,<br><br>   v.<br><br>LEWIS BRISBOIS BISGAARD &<br>SMITH LLP, (*a foreign limited liability partnership*); and HEATHER M. JENSEN, WSBA #29635 (*individual capacity); and* to ANNEMARIE MCDOWELL, WSBA#50470 (*individual capacity*).<br><br>            Defendant(s). | CASE NO. 2:22-cv-00265-JLR<br><br>PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES<br><br><br>*JURY DEMAND* |

## I.    SECOND AMENDED COMPLAINT FOR DAMAGES

NOW COMES Michelle Lynn Burnell ("Plaintiff"), pro se, to file this Second Amended Complaint for Damages against Defendants Lewis Brisbois Bisgaard & Smith LLP, ("LBBS"), Heather M. Jensen ("Jensen"); and AnneMarie McDowell ("McDowell") (collectively "Individual Defendants"); and in support thereof states as follows:

## II.    INTRODUCTION

This is a civil rights action brought by employment discrimination. This case arises from claims of verbal assault, violation of direct threat of communicable diseases, violation of right to safe workplace, bad faith, professional negligence, hostile work environment, retaliation, proximity bias, failure to provide accommodation in the reasonable accommodation interactive process,

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES 1

failure to provide a reasonable accommodation, oppression in the workplace, negligent hiring practices, intentional infliction of emotional harm, emotional distress, physical, cognitive, behavioral, and emotional injury, loss of privilege to Constitutional Rights, loss of privilege to Human Rights and violation of RCW 49.60. This Court has federal question jurisdiction over these claims under 28 U.S.C. §1331, and over the alleged state law claims under supplemental jurisdiction as defined in 28U.S.C. § 1367. These state law claims are based on a common nucleus of operative facts as the underlying federal claims. Defendants' intentionally unlawful, discriminatory, and tortious conduct complained of herein occurred in this district.

### III.    BACKGROUND

1. Michelle Lynn Burnell was a woman with a proven record of personal and professional success. In 2019, I was honored to accept a non-lawyer assistant position with Lewis Brisbois Bisgaard & Smith at their Seattle, WA office. After an extensive "self-made" legal assisting career, I knew I needed "Big Law" on my resume to further my career, so was thrilled to be part of the prestigious ("LBBS"), expecting that LBBS would grant me the chance to thrive in my career with Diversity, Equity and Inclusion based on LBBS' mission statement and most importantly the Rule of Law. Instead, the onset of the COVID-19 Pandemic in April 2020 at LBBS Seattle, I was unprotected from the laws of discrimination. This case arises from claims of verbal assault, violation of  direct threat of communicable diseases, violation of right to safe workplace, bad faith, professional negligence, hostile work environment, retaliation, proximity bias, failure to provide accommodation in the reasonable accommodation interactive process, failure to provide a reasonable accommodation, oppression in the workplace, negligent hiring practices, intentional infliction of emotional harm, emotional distress, physical, cognitive, behavioral, and emotional injury, loss of privilege to Constitutional Rights, loss of privilege to Human Rights and violation of RCW 49.60. This was all caused when I had the boldness to complain, Defendants have proven to destroy her professional standing.

2. Lewis Brisbois Bisgaard & Smith LLP at Seattle is a private sector law firm in Seattle, Washington. The Firm and its attorneys, being a self-governed part of the legal system, it is considered a private sector law firm as such providing a wide range of legal knowledge.  Sadly, I found myself subjected to the same injustices that grossly undermine the legal system and violate an attorney's Oath including the Rules of Professional Conduct ("RPC's).

3. As this Complaint alleges below, the unequal treatment placed on me took on various forms, most of them deeply personal. I suffer with emotional and mental health issues, conditions which is documented in my employment file and well-known throughout the Firm. On November 28, 2019, I lost my mother who I had just started having a

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES 2

relationship with again after a very traumatic childhood that ended for me when I was 15yrs old. During my employment at LBBS, I disclosed to staff, my firm administrators Lindsay Knight, Darlene Berkley, Stacey Bowers and Defendants Jensen, and McDowell those barriers to avoid having to be embarrassed on how I function in the workplace. Upon my return to work after my mother's passing, I was very worried about my job because the Firm allowed me two-weeks off to spend with my mom when she was placed in ICU on November 14, 2019, so I spoke with Ms. Jensen briefly, in her office, about what I was dealing with since my mother's death, reasons related to this personal crisis, and she told me "you are safe and protected here." I believed her, I had no reason not to. She was kind and very supportive from day one of my employment.

4.  At the onset of the Covid-19 pandemic, and before the lock-down mandates, Defendants put in place a Covid-19 Committee to ensure safety of its employees. The Committee included 52 managing partners from each office that sent out emails regarding the new strict policies around Covid. When the lock-down mandate was put in place, the Firm sent out emails asking if there were any barriers that people were facing that would cause them to "not be able" to work from home. I spoke specifically with Greg Worden, Zach Neuhaus, Stacey Bowers and pretty much everyone there that I needed to be in the office because of mentally dealing with my mom's death, no internet at my apartment and that I would rather be the only "legal" assistant so everyone else could work from home since they truly pulled together for me when my mom was in the hospital. I can never get that time back with my mom so I was extremely thankful to the Firm and other legal assistants that allowed me that time.

5.  After voicing my concerns it was undeniably understood that I needed to be in the office as a "key" skeleton crew member, I was allowed this opportunity to show my support for my LBBS Team and focus on my mother's passing. Being a part of the skeleton crew was very positive for me and my mental health because I was severely struggling with my mom's death. My mother weighed only 57lbs when she passed away. It was just her and I at UW Medical Center when she passed peacefully in her sleep with me by her side. That was a traumatic shift in my mental and physical health. Later, On April 8, 2020, Defendants knowingly allowed Grace Kozinsky an employee of Defendants to be present in the office with an "uncontrollable cough to the point of vomiting," This is undoubtedly common knowledge a sign of *some* type of respiratory issue. This failure to act lead to Plaintiff being screamed at by both the firm administrator, Stacy Bowers and coworker Grace Kozinsky that ended with me having to state that we are under a governor's mandate to stay home sick, that this is a "law firm" and that I have the right to a safe work-place. It was not until I without hesitation told Stay Bowers that -- I am calling Greg Worden, Administrative Partner, my direct report to Partner, right now and tell him that I am having to choose my safety and cannot make our 5pm court of appeals filing deadline that I was assisting him on because of what just happened. It was then that Stacy Bowers told Grace that she needed to go home. I did not end up making a call to Greg Worden as Stacy corrected the situation. I thought.  I left in severe confusion, duress and uncontrollably crying that day.

6.  Defendants retaliated against me because in April 2020 I reported the unfair and unsafe working conditions and raised an internal complaint. Defendants retaliation caused me to

experience emotional anguish, and the trauma forced me into additional therapy and multiple medication treatments.

7. I, Michelle Lynn Burnell, Plaintiff, pro *se* and I bring this cause of action to recover damages under federal and Washington State law for the mental anguish, severe emotional distress, financial loss, and pain and suffering I have endured.

## IV.    PARTIES

2.1    Plaintiff, MICHELLE LYNN BURNELL, and at all times relevant member of a ("protected class") and an employee of Defendants ("collectively"). Plaintiff is a resident of King County, Washington. I write this Amended Complaint under Equal Protect of the Law.

2.2    Defendant, LEWIS BRISBOIS BISGAARD & SMITH, LLP, is a foreign limited liability partnership within the State of Washington, and at all times relevant employer of the Parties. The above violations described herein were proximately caused by its negligence under the color of law.

2.3    Defendant, HEATHER M. JENSEN, at all times relevant, Heather M. Jensen was employed as Managing Partner and Governor of Defendants ("LBBS") Seattle, Washington law firm and was acting within the course and scope of her employment with Lewis Brisbois Bisgaard & Smith.

2.4    Defendant, ANNEMARIE MCDOWELL, at all times relevant, Annemarie McDowell was employed as a Partner of Defendants ("LBBS") Seattle, Washington law firm and was acting within the course and scope of her employment with Lewis Brisbois Bisgaard & Smith.

## V.    JURISDICTION AND VENUE

3.1    Jurisdiction.  This action is brought on by Plaintiff to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). Jurisdiction in this Court is based on the existence in that Plaintiff assert claims for discrimination under Title VII Civil Rights Act and ;

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES 4

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction) and the Family Medical Leave Act.

3.2    <u>Venue</u>.   Venue is properly set within this district pursuant to 28 U.S.C. § 1391.

## VI.    FACTUAL BASIS FOR ALLEGATIONS

5.1    On December 2, 2020, at approximately 9:15 AM, I received an email from Defendant ("JENSEN") requesting a meeting with her and Defendant ("McDowell"). This was my first day allowed back to working in the office upon returning from Paid Family Medical Protected Leave ("PFMLA"). Plaintiff is a member of a "protected class."

4.2    Plaintiff suffered a mental health crisis while in the meeting as a result of the intentional acts of discriminatory, retaliatory and reprimandable actions in the meeting with ("JENSEN") and ("McDowell"). I have not worked since that day.

4.3    Prior to the meeting, I was on a 90-day Paid Family Medical Leave ("PFMLA") for work-related issues, and uncontrollable thyroid issues. This was my first day back from medical leave "allowed back to working in the office" upon returning from ("PFMLA"). Plaintiff is a member of a "protected class."

4.4    Defendants Jensen and McDowell at all times in their individual and professional capacity were aware of the work-related issues, anxiety and thyroid issues I was having prior to the meeting. Defendants were acting in concert while under the color of law within this meeting.

4.5    Based upon information and knowledge, Defendants Jensen and McDowell chose to confront me in a further attempt to psychologically harm me, reprimand me for my behavior and make sure nothing was talked about as to what had and was continuing to happen to me within

1    the confides of a prestigious law firm. This meeting was successful for the Defendants, at the

2    expense of my mental health.

3        4.6    Defendants ("JENSEN") and ("McDowell") decided it was best to deal with me

4    within the walls of Defendant Jensen's office -- the managing attorney's office.

5        4.7    On December 2, 2020, approximately 15 minutes of me "being allowed to be

6    physically present" in the office for the first time since April 9, 2020. Defendants acting in bad

7    faith, called this meeting in a final attempt to make quiet all of the issues happening around my

8    working conditions and my voiceful objections to the injustices I suffered thereafter.

9        4.8    Defendants at all times knowing the laws, and with all due respect to the Plintiff

10   having already provided Defendants full disclosure of the loss of my mother to a traumatic event.

11   Defendants, my employer, attorneys at law to be specific, owed me the duty to uphold the

12   Constitution and the duty to cause me no harm

13       4.9    On April 8, 2020, Defendants knowingly allowed Grace Kozinsky an employee of

14   Defendants to be present in the office with an "uncontrollable cough to the point of vomiting,"

15   This is undoubtedly common knowledge a sign of *some* type of respiratory issue. This failure to

16   act lead to Plaintiff being screamed at by both the firm administrator, Stacy Bowers and coworker

17   Grace Kozinsky that ended with me having to state that we are under a governor's mandate to stay

18   home sick, that this is a "law firm" and that I have the right to a safe work-place. It was not until I

19   without hesitation told Stay Bowers that -- I am calling Greg Worden, Administrative Partner, my

20   direct report to Partner, right now and tell him that I am having to choose my safety and cannot

21   make our 5pm court of appeals filing deadline that I was assisting him on because of what just

22   happened. It was then that Stacy Bowers told Grace that she needed to go home. I did not end up

23   making a call to Greg Worden as Stacy corrected the situation. I thought.  I left in severe confusion,

24   duress and uncontrollably crying that day.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES 6

4.10    On April 9, 2020, Stacy Bowers reprimanded me for my actions the day by removing me from the skeleton crew that was working in the office and that effective immediately I needed to go work remotely.  Stacy told me she "knew there would be a problem with me being on the skeleton crew."

4.11    While in the meeting with Stacy Bowers I received a phone call from Greg Worden calling about a filing status since we had a 12pm deadline. I answered that call on my cell phone and immediately excused myself from Stacey's office and while sobbing attempted to explain what happened with Grace the day before and what Stacy was telling me at the time of his call to me. I was in a panic and ultimately Greg Worden told me Stacy hadn't talked to him about anything that had happened yet. I ended that call with Greg and I deciding that I will take my laptop home and hurry to make our filing deadline. It was while I was packing my laptop and rules books up that I heard someone coughing from the dark reception area. It was Gracy Kozinsky logged into the reception computer working in the dark. Mr. Worden should have taken professional legal responsibility to take it upon himself to immediately remind Stacy of the laws and cease all inappropriate actions towards me.

4.12    On April 9, 2020, and at all times relevant Defendants harmed my ability to produce work and caused for proximity bias by sending me home with a laptop that was not configured to their system causing me to not be up and running with the tools to be successful cause me to have to other legal support staff to take complete my work product.

4.13    Defendants at all times relevant failed to provide accommodation in the reasonable accommodation interactive process.

4.14    Defendants negligence in providing me a reasonable accommodation, working equipment to do handle my case load of approximately 150 cases ended up with my coworkers taking jabs at my work, causing me to point out the facts to why my work product and myself

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES  7

1  personally were suffering to coworkers that did not have the necessary 10 years of legal experience

2  required for employment at LBBS lead to harm of Plaintiff and is negligent in hiring practices on

3  the Defendants.

4       4.15    Defendants failure to act at all time relevant allowed for these types of remarks by

5  coworkers caused for multiple calls, and zoom meets only to be reprimand from Heather Jensen,

6  Greg Worden and Stacy Bowers on multiple occasions ultimately leading to multiple mental health

7  issues.

8       4.16    As a result of the actions of the Defendants in this matter, Michelle Lynn Burnell

9  was denied her right to life, liberty and justice for all.

10      4.17    After Order for Trial issued by the Court, I have been deemed disabled by the Social

11  Security Administration with the disability date of December 2, 2020.

12      4.18    Additionally, I had to have eye surgery due to a severe panic after Defendant's filed

13  their Motion to Dismiss in June 2022.

14      4.19    I am now homeless and living with my sister.

15      4.20    As the foreseeable, direct and proximate result of Defendants' discriminatory and

16  unlawful conduct, acts and omissions, I have suffered, and will continue to suffer, actual and

17  economic damages and non-economic damages in amounts not presently known.

18      4.21    My career and opportunity to earn future income have been substantially damaged.

19      4.22    I have and will continue to suffer humiliation and severe emotional distress and

20  related loss of enjoyment of life.

21      4.23    The discriminatory and retaliatory conduct of the Defendants was willful and

22  reflects deliberate indifference to my federally protected rights.

23      4.24    Defendant's derailed my success, mental health, career, family and everything I

24  have worked hard for due to unsafe working conditions, retaliation, discrimination and after

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES 8

numerous complaints about internet connections by failing to provide me the simple "tools" to be successful which ultimately led to the demise of my entire world.

## VII.    LEGAL STATUES AND RPC'S

1. Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Second Amended Complaint.

2. Upon Defendants decision to "Act" unlawfully in complete disregard to my human rights based on my disability and retaliation thereof violated the following RCW's, Federal Statues and RPC's:

- RCW 49.60.030 "Freedom from discrimination—Declaration of civil rights."
- RCW 49.60.178 "Unfair practices with respect to insurance transactions.;
- RCW 49.60.210 "Unfair practices—Discrimination against person opposing unfair practice—Retaliation against whistleblower."
- RCW 49.17.010 ("Right to Safe Workplace.")
- RCW 49.17.240 Safety and health standards.
- *42 USC §126 - Equal Opportunity For Individuals With Disabilities.*
- Violation of the American with Disabilities Act 42 U.S.C. § 12101,et seq.,
- Federal Firearm Prohibition 18 USC 922(g)(4). – Loss of Constitutional Rights I33104 (May 2009) (atf.gov)
- RCW 49.17.110 Compliance by employee—Violations—Notice—Review.
- RPC Title 5.1
- RPC Title 8.3
- Section 105 of the FMLA and section 825.220 of the FMLA
- 42 U.S.C. § 2000e-3(a)

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES 9

- The American with Disabilities Act 42 U.S.C. § 12101, et seq., failure to accommodate constitutes a violation.

## VIII.   PRAYERS FOR RELIEF

WHEREFORE, Plaintiff demands judgment be entered on her behalf against Defendant and grants the following relief:

1.      An award of Compensatory damages and punitive damages in an amount to be proven at trial.

2.      Plaintiff seek punitive damages against all defendants;

3.      An award of Past and future medical benefits to include primary care, psychotherapy and medication services.

4.      For reasonable attorneys' fees and costs; and

5.      For such other and further relief as the Court deems just and equitable.

DATED this 20th DAY of SEPTEMBER, 2023 at Lacey, WA.

/s Michelle Lynn Burnell
Michelle Lynn Burnell, *pro se* Plaintiff
714 E. Pike St., Unit 515
Seattle, WA 98122
206-683-7349

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES 10