UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE LYNN BURNELL,<br><br>              Plaintiff,<br>    v.<br><br>LEWIS BRISBOIS BISGAARD &<br>SMITH LLP, et al.,<br><br>              Defendants. | CASE NO. C22-0265JLR<br><br>ORDER |

     Before the court is Plaintiff Michelle Lynn Burnell's second motion for appointment of counsel. (2d Counsel Mot. (Dkt. # 60).) Ms. Burnell is proceeding *pro se* and *in forma pauperis* in this matter. (3/7/22 Order (Dkt. # 3).) She brings claims against Defendants Lewis Brisbois Bisgaard & Smith LLP, Heather M. Jensen, and Annemarie McDowell (collectively, "Defendants") for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*,

//

ORDER - 1

and the Washington Law Against Discrimination, RCW 49.60, *et seq.*  (*See* Am. Compl. (Dkt. # 35) at 2-6; *see also* 7/11/22 Order (Dkt. # 40) (dismissing Section 1983 claims).)

This District has implemented a plan for court-appointed representation of civil rights litigants.  *See* General Order No. 16-20 (Dec. 8, 2020).  The District's pro bono plan requires a *pro se* plaintiff in a non-prisoner civil rights action to attach, to their motion for appointment of counsel, (1) a financial affidavit/declaration and (2) an affidavit/declaration "stating the party's efforts to obtain counsel by means other than appointment and indicating any prior pro bono appointments of counsel to represent the party in cases brought in this [c]ourt." *Id.*, Section 3(a).  The plan currently in effect requires the court to then assess a plaintiff's case before forwarding it to a pro bono screening committee for further review and a possible appointment of pro bono counsel.  *See id.*, Section 3(c).  The court assesses the plaintiff's case to determine that it is not frivolous and that the plaintiff is financially eligible.  *Id.*

On March 21, 2022, pursuant to this District's pro bono plan, the court concluded that Ms. Burnell had demonstrated an adequate basis to refer her first motion to appoint counsel to the Pro Bono Screening Committee.  (*See* 3/21/22 Order (Dkt. # 11).)  The court ultimately denied Ms. Burnell's motion to appoint counsel after the Screening Committee informed the court that the information it was provided—including, among other things, Ms. Burnell's complaint and EEOC file—was "not sufficient to make a determination about whether counsel should be appointed in this matter." (5/31/22 Order (Dkt. # 16) at 1-2.)

//

The record in this case is now more robust than it was at the time the court referred Ms. Burnell's first motion to appoint counsel to the Pro Bono Screening Committee. (*See generally* Dkt.) Accordingly, in light of the current record and the assertions in Ms. Burnell's second motion, the court concludes that there is an adequate basis to refer Ms. Burnell's second motion to appoint counsel to the Pro Bono Screening Committee. (*See* 2d Counsel Mot.) The court DIRECTS the Clerk to forward Ms. Burnell's amended complaint (Dkt. # 35), the second motion to appoint counsel (Dkt. # 60), and any other pleadings and documents filed to date to the Screening Committee. *See* General Order No. 16-20, Section 3(c). The court ORDERS the Screening Committee to review the case and make a recommendation to the court in accordance with the pro bono plan and the rules for the pro bono panel on or before **October 20, 2023**. *See id.*, Section 3(d), (f). The Clerk shall renote Ms. Burnell's second motion to appoint counsel (Dkt. # 60) for **October 20, 2023**, pending the Screening Committee's recommendation as to whether the court should appoint counsel.

Dated this 21st day of September, 2023.

JAMES L. ROBART
United States District Judge