UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE LYNN BURNELL,<br><br>               Plaintiff,<br><br>   v.<br><br>LEWIS BRISBOIS BISGAARD &<br>SMITH LLP, et al.,<br><br>               Defendants. | CASE NO. C22-0265JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court is *pro se* Plaintiff Michelle Lynn Burnell's most recent motion to appoint counsel. (Appoint Mot. (Dkt. # 88).) The court exercises its discretion to consider the motion before the noting date. *See* Fed. R. Civ. P. 1 (instructing courts to administer, construe, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Having considered the motion, the relevant portions of the record, and the applicable law, the court DENIES the motion.

## II. BACKGROUND

Ms. Burnell is suing her former employer, Defendant Lewis Brisbois Bisgaard & Smith LLP ("Lewis Brisbois"), for "employment discrimination," encompassing:

> verbal assault, violation of direct threat of communicable diseases, violation of right to safe workplace, bad faith, professional negligence, hostile work environment, retaliation, proximity bias, failure to provide accommodation in the reasonable accommodation interactive process, failure to provide a reasonable accommodation, oppression in the workplace, negligent hiring practices, intentional infliction of emotional harm, emotional distress, physical, cognitive, behavioral, and emotional injury, loss of privilege to Constitutional Rights, loss of privilege to Human Rights and violation of RCW 49.60.

(Am. Compl. (Dkt. # 35) at 2.) Additionally, Ms. Burnell appears to assert claims for violations of the Fourth and Fourteenth Amendments. (*Id.*)

On September 20, 2023, Ms. Burnell filed a motion to appoint counsel. (9/20/23 Appoint Mot. (Dkt. # 60).)[1] The court granted that motion and appointed counsel to represent Ms. Burnell "for the limited purpose of preparing for and participating in alternative dispute resolution." (11/22/23 Order (Dkt. # 75) at 2.) Ms. Burnell's attorneys met and conferred with counsel for Lewis Brisbois and scheduled a mediation with Judge Laura Inveen (Ret.) to take place on January 31, 2024, which Lewis Brisbois agreed to pay for. (1/4/24 Statement (Dkt. # 77).) Ms. Burnell, however, called off the mediation, and her attorneys withdrew from this case at her request. (1/19/24 Statement (Dkt. # 78); Withdrawal Not. (Dkt. # 79).) Ms. Burnell now asks the court to again

---

[1] Ms. Burnell also filed a motion to appoint counsel earlier in the litigation, which the court denied after this District's Pro Bono Screening Committee determined that the information then before it "was not sufficient to make a determination about whether counsel should be appointed in this matter." (3/3/22 Appoint Mot. (Dkt. # 9); 5/31/22 Order (Dkt. # 16).)

appoint counsel, this time to assist her during trial because she is experiencing "a significant amount of stressors" and "cannot do this alone." (Appoint Mot. at 1, 3.)

Defendants did not move to dismiss Ms. Burnell's complaint for failure to state a claim, nor did they move for summary judgment. (*See generally* Dkt.) Trial is scheduled to commence on February 3, 2025. (*See* 2/23/24 Sched. Order (Dkt. # 83).)

### III. ANALYSIS

The court is concerned about the readiness of this case for trial. Because it is unclear which claim(s) Ms. Burnell intends to pursue at trial, the court cannot adequately analyze the factors it must consider in determining whether to appoint counsel to assist Ms. Burnell at trial.

"[T]here is generally no right to counsel in a civil case." *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985). "The decision to appoint counsel is left to the sound discretion of the district court." *Johnson v. United States Treasury Dep't*, 27 F.3d 415, 416 (9th Cir. 1994). "Three factors are relevant to [a] trial court's determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Id.* (quoting *Johnson v. United States Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991)). If the court decides that appointment is warranted, it must, pursuant to this District's Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions, "direct the Pro Bono Coordinator to identify an attorney(s) or law firm from the Pro Bono Panel for appointment." W.D. Wash. General Order 07-23 § 3(d).

//

1     The first factor weighs in favor of appointing counsel. Ms. Burnell is proceeding *in forma pauperis*, indicating that she lacks the financial resources to hire an attorney. (*See* 3/7/22 Order (Dkt. # 3) (granting IFP application).)

    The second factor weighs against appointing counsel. The court has already expended considerable time and resources locating experienced counsel to represent Ms. Burnell on a pro bono basis, but she refused to attend the mediation counsel arranged at Lewis Brisbois's expense and asked counsel to withdraw from representing her.

    The court cannot adequately consider the third factor. Ms. Burnell's complaint seeks relief for a myriad of claims, some of which may have merit and some of which may not. (*See* Am. Compl. ¶ 1.1.)

    Although the court is frustrated with Ms. Burnell's decision to discharge her prior counsel, it may consider referring this matter to the Pro Bono Coordinator if the claims Ms. Burnell seeks to pursue at trial have merit. The court must be able to define the scope of the claims and defenses that will be at issue at trial. Therefore, the court will extend the deadline for filing dispositive motions to **September 20, 2024**. The court encourages the parties to move for summary judgment on any claims or defenses on which they believe they are entitled to prevail as a matter of law. The motions shall be noted and briefed in accordance with Local Civil Rules 7(d)(4) and 7(e)(4). *See* Local Rules W.D. Wash. LCR 7(d)(4), (e)(4). If any of Ms. Burnell's claims survive summary judgment, the court will permit her to file a renewed motion to appoint counsel to assist her at trial.

//

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Ms. Burnell's motion to appoint counsel (Dkt. # 88) without prejudice to filing a renewed motion should any of her claims survive summary judgment. The deadline to move for summary judgment is now **September 20, 2024**.

Dated this 26th day of August, 2024.

JAMES L. ROBART
United States District Judge